UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDY GUTIERREZ SIRI,

                Plaintiff,

-against-

JOHN/JANE DOE,

                Defendant.

21-CV-8777 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. He alleges that unidentified persons have called him a terrorist. By order dated January 18, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff uses the court's general complaint form, but he does not fill out the caption on the first page and he fails to identify the defendants whom he is suing. Plaintiff invokes the Court's federal question jurisdiction, asserting "[t]hey have me down as a 'terrorist.' Those people have no good intention and I am not that type of person." (ECF 2, at 2.) Plaintiff alleges that the events giving rise to his claims occurred in 1993, in Bronx County, New York, and provides the following incomplete statement as the facts supporting his claims: "People have told me in the court and in the streets that I am a terrorist. I am not a terrorist and people." (*Id*. at 5.) Plaintiff further asserts that he has "not suffered physically," but that he has "gone through a lot mentally." (*Id*. at 6.) He also states that he is not seeking money damages, "but to have [his] name & reputation cleared" and "to be alleviated from the psychological pain which [he has] had to endure for a long time." (*Id*.)

Plaintiff also attaches to the complaint a letter written in Spanish addressed to the Center for Appellate Litigation. Because he fails to provide an English translation of the letter, the Court is unable to review it.[1]

---

[1] Although this Court's local rules do not prohibit submission of pleadings in a foreign language, "[i]t is clear, to the point of perfect transparency, that federal court proceedings must

## DISCUSSION

Even when read with the " special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in law or in fact. *See Neitzke*, 490 U.S. at 324-25. Plaintiff's sole assertion is that about twenty-eight years ago, in 1993, unidentified persons called him a terrorist. The Court cannot identify any legal basis for this claim and finds that there is no theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court, therefore, dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters are terminated.

---

be conducted in English." *United States v. Rivera-Rosario*, 300 F.3d 1, 5 (1st Cir. 2002); *see also United States v. Morales-Madera*, 352 F.3d 1, at *7 (1st Cir. 2003) ("The language of the federal courts is English. Participants, including judges, jurors, and counsel, are entitled to understand the proceedings in English."). Documents not in English must be accompanied by an English translation. *See, e.g. Court of Common Pleas v. Kelly*, 417 Fed. App' x 126, 128 (3d Cir. 2011) (holding that where a district court' s local rules do not prohibit submission of pleadings in a foreign language, such court should request a translation of foreign language pleadings or grant leave to amend the pleadings before taking final action on the foreign language filing).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  January 31, 2022
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge